LBF 3015-1A
(Eff. 12/1/09)

## United States Bankruptcy Court
### District of New Hampshire

In re  David B. Benedict, Sr.
       Dianne M. Benedict                       Bk. No.  -           JMD
                    Debtor(s)                   Chapter  13

### AMENDED CHAPTER 13 PLAN DATED AUGUST 4, 2011

☐ If this box is checked, this plan contains certain special provisions set out in paragraph 13 below.  Otherwise, the plan includes no provisions deviating from LBF 3015-1A, the model plan in effect at the time of the filing of the plan in this Court.

Debtor(s):   (H) David B. Benedict, Sr.            SS# xxx-xx-4035
             (W) Dianne M. Benedict                SS# xxx-xx-7563

1. **PLAN PAYMENTS**

   The applicable commitment period pursuant to 11 U.S.C. § 1325(b)(4) is not less than ___3___ years.  This is a ___36___ month plan.

   Plan payments:    Debtor(s) to pay to Trustee monthly:    $ 475.00
                     Number of months:                       x  6
                     Debtors to pay Trustee monthly          $579.72
                     Number of months                        x30
                     Total of monthly plan payments:         $ 20,241.60

   In addition, for each year during the term of the plan, all tax refunds in excess of $ 1200 will be remitted within 14 days of receipt to the Trustee as additional disposable income to fund the plan.  Deviation from this requirement in a given year will be considered by the Court only upon the filing of a motion asserting extenuating circumstances; any such motion must be filed within 30 days of the date of the filing of the tax return at issue.

   Other plan payment provisions, if any:

2. **ADMINISTRATIVE CLAIMS**

   Trustee's fee pursuant to 11 U.S.C. § 1302 and Debtor's attorney's fees:
   A.  Trustee's estimated fees and expenses
       (10% of the total to be paid):                         $ 2024.16
   B.  Attorney's fees and expenses requested to be paid through the plan,
       payable pursuant to AO 2016-1, notwithstanding
       11 U.S.C. § 1325(a)(5)(B)(iii):                        $ 0.00
   C.  Other:                                                 $ 0.00

3. **DOMESTIC SUPPORT OBLIGATIONS:**

   The following DSO claims will be paid in full through the plan:

   | Creditor | Estimated Total Prepetition Claim |
   |---|---|
   | -NONE- | |

4. **PRIORITY CLAIMS**

   | Creditor | Interest Rate | Estimated Total Prepetition Claim |
   |---|---|---|
   | Mr. and Mrs. Sullivan | 0 | 2247.20 |

LBF 3015-1A
(Eff. 12/1/09)

**5. SECURED CLAIMS (PRIMARY RESIDENCE)**

Residence Located at:

Land and Buildings located at:
230 Hampstead Road
Derry, NH

The Debtor(s) estimate of the fair market value of such primary residence to be: $ 299,800.00 .

Regular mortgage payments and arrearage to be paid as follows:

☐ Outside the plan. The mortgage is current and will continue to be directly payable by the Debtor(s).

☒ The mortgage is not current. Regular post-petition payments will be made directly by the Debtor(s) and the prepetition arrearage only is to be paid through the plan, as follows:

| Mortgagee | Estimated Total Prepetition Arrearage |
|---|---|
| 1st Chase Home Finance | $ 3,386.78 |
| | $ |

**6. SECURED CLAIMS (OTHER)**

Current regular payments are to be made directly by the Debtor(s). Prepetition arrearage amounts, if any, are to be paid through the plan:

| Name of Creditor | Collateral | Estimated Total Prepetition Arrearage |
|---|---|---|
| Bank of America | Land and Buildings located at: 21 Dutile Shore Road Belmont, NH | 0.00 |
| Granite State credit Union | 2007 Harley Davidson Ultraglide | 0.00 |
| Granite State credit Union | 2003 Hurricaine 21 foot boat | 0.00 |
| Polaris Starcard | 2001 Polaris Snowmobile | 0.00 |
| Wells Fargo Mortgage | Land and Buildings located at: 224 Hampstead Road Derry, NH | 12,623 |

**7. SECURED CLAIMS TO BE MODIFIED**

The following claims are modifiable under the provisions of the Bankruptcy Code and shall be paid through the plan as indicated.

Name of Creditor: TD Bank
Collateral: L&B located at 230 Hampstead Road, Derry, NH
Valuation: $299,800.00
Proposed Treatment: 2nd mortgage will be stripped as it is wholly unsecured.

Name of Creditor: Robert & Judith Lynch
Collateral: L&B located at 224 Hampstead Road, Derry, NH
Valuation: $185,000.00
Proposed Treatment: 2nd mortgage will be stripped as it is wholly unsecured.

Name of Creditor: Robert & Judith Lynch

LBF 3015-1A
(Eff. 12/1/09)

| | |
|---|---|
| Collateral: | L&B located at 21 Dutile ShoreRoad, Belmont, NH |
| Valuation: | $386,229.00 |
| Proposed Treatment | 2nd mortgage will be stripped as it is wholly unsecured. |
| | |
| Name of Creditor: | Robert & Judith Lynch |
| Collateral: | Alleged interest in "proceeds" from One fifth interest in 3524 Lanier Road, Zephyrhills, FL |
| Valuation: | $2000.00 |
| Proposed Treatment | Interest will be avoided as creditor has no valid security interest and property has not been sold at time of filing of petition. |

**8.   SECURED CLAIMS WHERE COLLATERAL TO BE SURRENDERED**

Upon confirmation, the automatic stay is lifted as to any collateral treated as surrendered or abandoned and such collateral shall be deemed abandoned from the estate.

Name of Creditor:   -NONE-
Collateral:

**9.   EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Executory contracts and unexpired leases are assumed or rejected as follows:

| Creditor/Lessor Property Description | Assumed/ Rejected | Proposed Cure Amount/Period |
|---|---|---|
| -NONE- | | |

**10.  UNSECURED CLAIMS**

Unsecured creditors' claims total $  321,604.09  (Including, if applicable, the unsecured portion of claims under paragraph 7). The percentage to be paid toward these claims will be determined after the bar date for filing claims has passed and will be specified in a motion to allow claims. Unsecured creditors will begin receiving payment on a pro rata basis with any secured arrearage and priority claims after the issuance of such an order. If all scheduled claims are allowed, the percentage distribution to creditors is estimated at  less than 1  %.

**11.  GENERAL PLAN PROVISIONS**

A.   **Duty to Provide Tax Returns:**  The Debtor(s) have an ongoing obligation to provide a copy of each federal income tax return (or any request for extension) directly to the Trustee within seven days of the filing of the return (or any request for extension) with the taxing authority.

B.   **Allowance of Claims:**  In the event that a proof of claim is filed in an amount different from the amount listed in this plan, the proof of claim amount shall be deemed to be the correct amount unless the Debtor(s) or another party in interest successfully objects to the proof of claim.

C.   **Property of the Estate and Insurance:**  All property shall remain property of the estate until discharge. Pursuant to 11 U.S.C. § 1306(b), the debtor(s) will remain in possession of all property of the estate unless a provision of this plan, or an order of this Court, specifically states otherwise. The Debtor(s) shall maintain all insurance required by law and contract upon property of the estate and the Debtor(s)' property.

D.   **Retention of Lien:**  All secured creditors shall retain the liens securing their claims unless otherwise stated.

LBF 3015-1A
(Eff. 12/1/09)

 E. **Application of Payments Under This Plan:**

  1. Pursuant to 11 U.S.C. § 524(i), payments received by holders and/or servicers of mortgage claims for ongoing postpetition installment payments shall be applied and credited to the Debtor(s)' mortgage account as if the account were current and no prepetition default existed on the petition date, in the order of priority specified in the note and security agreement and applicable non-bankruptcy law. Postpetition installment payments made in a timely manner under the terms of the note shall be applied and credited without penalty.

  2. **If a creditor applies payments in a manner not consistent with the terms of this plan, or applies Trustee payments to postpetition costs and fees without prior approval of this Court, such actions may be a violation of 11 U.S.C.. § 524(i).**

 F. **Duty of Mortgage Servicer to Provide Loan Information:**

  1. Upon written request of the Debtor(s), any mortgage servicer or its successor shall provide to the Debtor(s) and/or the Debtor(s)' attorney all information with respect to the Debtor(s)' mortgage loan as it would provide absent a bankruptcy proceeding, including contractual monthly payment changes. The term "information" as used herein shall included, but is not limited to: (a) a coupon book or monthly statements to help the Debtor(s) properly make monthly payments, (b) addresses to which to send payments and to direct inquiries, (c) balance and payoff information if requested, and (d) if applicable, escrow analyses, notices of rate adjustments and the like. The Debtor(s) shall not make any claim against the mortgage servicer, the secured creditor or their successors for any violation of the automatic stay or any discharge injunction resulting from its compliance with this section.

  2. Upon written request of the Debtor(s)' counsel, any of the information requested to be provided to the Debtor(s) in paragraph F. 1 above shall also be provided to the Debtor(s)' counsel.

 G. **Release of Certificate of Title Upon Satisfaction of Secured Claim:**

  1. Upon satisfaction or other discharge of a security interest in a motor vehicle, mobile home, or in any other property of the bankruptcy estate for which the certificate of title is in the possession of a secured creditor, such creditor shall within fourteen (14) days after demand and, in any event, within 30 days of receipt of the notice of the entry of the discharge order, execute a release of its security interest on said title or certificate, in the space provided therefore on the certificate or as the Division of Motor Vehicles prescribes, and mail or deliver the certificate and release to the Debtor(s) or to the attorney for the Debtor(s).

  2. Confirmation of this plan shall impose an affirmative and direct duty on each such secured creditor to comply with this paragraph. This provision shall be enforced in a proceeding filed before this Court and each such creditor consents to such jurisdiction by failure to file any timely objection to this plan. Such an enforcement proceeding may be filed by the Debtor(s) in this case either before or after the entry of the discharge order and either before or after the closing of this case. The Debtor(s) specifically reserve the right to file a motion to reopen this case under 11 U.S.C. § 350 to pursue the rights and claims provided for therein.

**LBF 3015-1A**
(Eff. 12/1/09)

**12.   LIQUIDATION ANALYSIS**

In the event of a liquidation under Chapter 7, I/we would claim the state/federal exemptions, based on which unsecured creditors would receive ___0___ %.

**A.   REAL ESTATE: Residential**, located at: _____

| Description | Fair Mkt. Value | Liens | Exemption Amount and Cite | Avail. Ch. 7 |
|---|---|---|---|---|
| Land and Buildings located at: 230 Hampstead Road Derry, NH | $299,800.00 | 360,776.29 | 0.00 None | 0.00 |

**REAL ESTATE: Non-residential**, located at: _____

| Description | Fair Mkt. Value | Liens | Exemption Amount and Cite | Avail. Ch. 7 |
|---|---|---|---|---|
| Land and Buildings located at: 21 Dutile Shore Road Belmont, NH | 386,229.00 | 478,636.00 | 0.00 None | 0.00 |
| Land and Buildings located at: 224 Hampstead Road Derry, NH | 185,000.00 | 252,235.00 | 0.00 None | 0.00 |
| One fifth interest in land and buildings located at: 3524 Lanier Road Zephyrhills, FL | 2,000.00 | 0.00 | 2,000.00 11 U.S.C. § 522(d)(5) | 0.00 |

Total non-exempt value $ ___0.00___

**B.   NON-EXEMPT TANGIBLE ASSETS:**

| Description | Fair Mkt. Value | Liens | Exemption Amount and Cite | Avail. Ch. 7 |
|---|---|---|---|---|
| Household goods, supplies & furnishings | 3,500.00 | 0.00 | 3,500.00 11 U.S.C. § 522(d)(3) | 0.00 |
| Clothing | 2,000.00 | 0.00 | 2,000.00 11 U.S.C. § 522(d)(3) | 0.00 |
| 2003 Taurus semi-automatic pistol | 250.00 | 0.00 | 250.00 11 U.S.C. § 522(d)(3) | 0.00 |
| 1997 Dodge Dakota | 2,870.00 | 0.00 | 2,870.00 11 U.S.C. § 522(d)(2) | 0.00 |
| 1997 Dodge Dakota | 2,700.00 | 0.00 | 2,700.00 11 U.S.C. § 522(d)(2) | 0.00 |
| 2001 Polaris Snowmobile | 2,000.00 | 1,316.60 | 683.40 11 U.S.C. § 522(d)(5) | 0.00 |
| 2003 Kubota BX 1500 Tractor | 3,000.00 | 0.00 | 3,000.00 11 U.S.C. § 522(d)(5) | 0.00 |
| 2007 Harley Davidson Ultraglide | 14,010.00 | 8,171.88 | 5838.12 None | 0.0 |
| Polaris 4 wheeler | 1,300.00 | 0.00 | 1300.00 None | 0.0 |
| 2003 Hurricaine 21 foot boat | 9,000.00 | 14,718.23 | 0.00 None | 0.00 |

Total non-exempt value $ ___0.0___

LBF 3015-1A
(Eff. 12/1/09)

    **C.**    **NON-EXEMPT INTANGIBLE ASSETS:**

| Description | Fair Mkt. Value | Liens | Exemption Amount and Cite | Avail. Ch. 7 |
|---|---|---|---|---|
| Checking account with TD Bank | 800.00 | 0.00 | 800.00<br>11 U.S.C. § 522(d)(5) | 0.00 |
| Checking account with Bank of NE | 1,000.00 | 0.00 | 1,000.00<br>11 U.S.C. § 522(d)(5) | 0.00 |
| Checking account with TD Bank | 400.00 | 0.00 | 400.00<br>11 U.S.C. § 522(d)(5) | 0.00 |
| Checking account with Citizens Bank | 800.00 | 0.00 | 800.00<br>11 U.S.C. § 522(d)(5) | 0.00 |
| Savings account with Granite State Credit Union | 71.00 | 0.00 | 71.00<br>11 U.S.C. § 522(d)(5) | 0.00 |
| Dave's Discount Auto, LLC | 0.00 | 0.00 | 0.00<br>None | 0.00 |
| Interest in Londonerry Plumbing & Heating, Inc. | 0.00 | 0.00 | 0.00<br>None | 0.00 |

Total non-exempt value $   0.00

**13.**    **SPECIFIC NON-CONFORMING SPECIAL PLAN PROVISIONS (if any):**

I/We declare under penalty of perjury that the foregoing is true and correct.

Date   August 4, 2011         Signature   /s/ David B. Benedict, Sr.
                                                           David B. Benedict, Sr.
                                                           Debtor

Date   August 4, 2011         Signature   /s/ Dianne M. Benedict
                                                           Dianne M. Benedict
                                                          Joint Debtor